**<u>Exhibit A</u>**

{W5152542.1}



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Stephen Jerard Puckworth_
Plaintiff

vs.

_The Standard Insurance Company_
Defendant

Case Number  15 - 0 0 6 6 6 6

15 - 006666

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Pro Se_
Name of Plaintiff's Attorney

_4024 Ely Pl SE_
Address
_Weshington, DC 20019_

_202-710-4917_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                    CASUM doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

15 - 006666
15 - 006666

*Stephen Jerrod Duckworth*   Case Number: _____

vs   Date: _____

*The Standard Insurance Company*   ☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* *Stephen Jerrad Duckworth* | Relationship to Lawsuit |
| Firm Name: | ☐ Attorney for Plaintiff |
| Telephone No.:   Six digit Unified Bar No.: | ☑ Self (Pro Se) |
| *202 - 710 - 4917* | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☑ 12 Person Jury
Demand: $ *4,203.05*    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

**A. CONTRACTS**   **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☑ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

STEPHEN DUCKWORTH
Vs.                                          C.A. No.        2015 CA 006666 B
THE STANDARD INSURANCE COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JEANETTE J CLARK
Date:   August 28, 2015
Initial Conference: 9:30 am, Friday, December 18, 2015
Location:  Courtroom 221
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001                        Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**Civil Division**

**15 - 0 0 6 6 6 6**

15 - 0 0 6 6 6 6

Civil Action No. _____

STEPHEN DUCKWORTH

4024 ELY PL SE

Washington, DC 20019

*Plaintiff,*

vs.

The Standard Insurance Company

900 SW Fifth Avenue

Portland, OR 97204-1235

*Defendants*



FILED
CIVIL ACTIONS BRANCH

AUG 2 8 2015

Superior Court
of the District of Columbia
Washington, DC.

### COMPLAINT

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

### FACTS

1. Stephen Jarard Duckworth is a resident of 4024 Ely Pl SE, Washington, DC 20019.

2. Stephen Jarard Duckworth lives alone, and he has never married and has no children.

3. Stephen Jarard Duckworth earned a B.A. in psychology from the University of West Georgia in 2005 and a M.Ed. in special education from the University of Phoenix in 2008.

4. Stephen Jarard Duckworth was hired with the District of Columbia Public Schools November 22, 2013 as a teacher and case manager for students with intellectual disabilities.

5. Stephen Jarard Duckworth agreed to voluntarily have deductions from his paycheck for short term and long term disability coverage paid to The Standard Insurance Company located at 900 SW Fifth Avenue, Portland, OR 97204-1235.



6.  Stephen Jarard Duckworth paid for short term disability and long term disability coverage, and the payments were deducted from his check every pay period.

7.  The terms of the short term and long term disability coverage, described to employees at the orientation, stated that, in the event of a claim being opened, benefits would be paid at 66.67 percent of a claimant's weekly pre-disability earnings in the amount of $1115.95 a week excluding taxes.

8.  Stephen Jarard Duckworth resigned from his position October 30, 2014 as a result of a decline in his health resulting from seizures that were not medically treated.

9.  The DC Office of Unemployment concluded that Mr. Duckworth was not eligible for unemployment benefits in a Court Order issued by Judge Eli Burch on February 12, 2015 as a result of being "ineligible for benefits until he [Stephen Jarard Duckworth] is physically able to return to work."

10. The Standard Insurance Company sent Mr. Duckworth a benefits approval letter on November 19, 2014 with claim number 00EC5859.

11. The maximum benefit period for short term disability is 180 days after which a long term disability claim is to be opened if the claimant has paid for long term disability coverage.

12. Stephen Jarard Duckworth has a medical history of neurological abnormalities as a result from a fall from a ladder sustained as a child, less than 5 years of age, in Toledo, Ohio which resulted in a broken arm and hospital admittance.

13. Stephen Jarard Duckworth became aware that he was having seizures November 7, 2014 as a result of body convulsions and an abnormality in his typical cognition.

14. Stephen Jarard Duckworth went to the Howard University Emergency room on November 7, 2014 as a result of the seizures as was seen by Dr. Han Kim and was instructed to follow-up with a and primary care physician.

15. Stephen Jarard Duckworth located Dr. Howard Wilson on November 17, 2014. After explaining the symptoms to Dr. Wilson, Dr. Wilson suggested that Mr. Duckworth follow-up with a neurologist based upon his belief that Mr. Duckworth has seizure disorder possibly.

16. Stephen Jarard Duckworth was in the emergency room several times between November 7, 2014 and May 19, 2015 as a result of continuous seizures that were not being treated with medication.

17. Stephen Jarard Duckworth was referred to Dr. Kathleen Berger after an emergency room visit at George Washington Hospital November 17, 2014.

18. Dr. Berger does not see patients with seizures; therefore, Mr. Duckworth was seen by Dr. Aimee Soto, a resident in neurology at George Washington Hospital.

19. Dr. Soto suggested a cardiology review and an awake EEG.

20. Dr. Bayat Elham, a GW neurologist ordered the EEG on November 18, 2014.

21. The EEG results were normal, and the doctors explained that EEGs will only show abnormalities if the patient has a seizure while going through the EEG.

22. Dr. Bayat completed a required questionnaire from The Standard Insurance Company.

23. Mr. Duckworth did not seize while going through any administered EEGs.

24. Dr. Francois Boller, a doctor at the George Washington Hospital neurology department, conducted a psychiatric evaluation at the request of several ER neurology doctors that were administering evaluations of Mr. Duckworth.

25. Stephen Jarard Duckworth underwent a psychiatric evaluation, and Dr. Boller concluded he indeed does not have a psychiatric disorder and stated that his symptoms are comparable to partial seizures also known as seizure disorder.

26. Seizure disorder and epilepsy can both result from mild traumatic brain injuries like the one Mr. Duckworth experienced in Toledo, Ohio as a young child.

27. Dr. Boller referred Mr. Duckworth to Dr. Mohamad Koubessi, a seizure specialist.

28. In accordance with the recommendations made by Dr. Bayat, Dr. Koubessi ordered a video EEG and admitted Mr. Duckworth into the hospital April, 8 2015.

29. Dr. Koubessi attempted to induce a seizure while Mr. Duckworth was in the hospital, but he was unable to because Mr. Duckworth had a seizure prior to his admittance April, 7 2015.

30. Dr. Koubessi was unable to draw any definitive conclusions about the seizures, but he was reluctant to prescribe any medication at Mr. Duckworth's request by virtue of his lack of knowledge about the seizures in addition to his lack of witnessing the seizures.

31. Dr. Koubessi suggested that Mr. Duckworth ask family members or friends to video-record him in order to capture the seizure for him to view. He also suggested that Mr. Duckworth get a second opinion.

32. The Standard Insurance Company stopped the payments January 8, 2015 on the basis that they determined Mr. Duckworth should be able to work despite having seizures that were not being treated medicinally.

33. Roxanne Haworth rendered a decision to discontinue the payments March 16, 2015. In her decision, The Standard Insurance Company had an incorrect population of students listed as the group of students Mr. Duckworth taught, and disregarded the federal definitions and parameters of Mr. Duckworth's work as a special education teacher required to teach and case manage in compliance with the Individuals with Disabilities Education Act.

4.

34. Mr. Duckworth taught students with intellectual disabilities, and the Standard Insurance Company listed the population of students he taught as learning disabled.

35. In her March 16, 2015 decision, Ms. Haworth also relied upon information from Dr. Anthony Macintyre. Dr. Macintyre has very limited knowledge about Mr. Duckworth's seizures, and referred him to a neurologist at GW, Dr. Kathleen Berger.

36. The Standard Insurance Company used their own definition of the population of students termed intellectually disabled instead of the Individuals with Disabilities Education Act definition which Mr. Duckworth is required to adhere to as a result of federal compliance issues associated with his position as a teacher for students with disabilities.

37. Stephen Jarard Duckworth was not prescribed any medicine to treat his seizures prior to May 19, 2015.

38. Upon Mr. Duckworth explaining the longevity of the seizures and the frequency of the seizures that were not being treated with medication, Dr. Michael Frazier, a doctor at United Medical Center, prescribed Levetiracetam (Keppra) at 500 Mg twice daily.

39. Keppra is an anticonvulsant used to treat patients with seizures.

40. Mr. Duckworth's primary care physician, Dr. Wilson, has since refilled the prescription.

41. Stephen Jarard Duckworth has not had any seizures since the medication was prescribed.

42. Stephen Jarard Duckworth contacted J. Greg Ness, an executive listed on the Standard Insurance Company's website, via certified mail and was not responded to.

43. Vibiana Corwin rendered a decision June 22, 2015 that upheld the decision to discontinue the payments as of January 8, 2015.

5.

44. Stephen Jarard Duckworth contacted Vibiana Corwin, a claims examiner, Jim Welty, Ms. Corwin's supervisor, and Larry Frank, an employee in the legal department of the Standard Insurance Company to get the claim payments made from January 8, 2015 through May 19, 2015 despite the fact that at the present, he has not yet returned to work.

45. Mr. Duckworth has had to withdraw all of his retirement savings with additional taxes and penalties as a result of the Standard Insurance Company's refusal to pay the claim.

46. Mr. Duckworth currently has government assistance with the DC Office of Human Services located at 645 H Street NW, Washington, DC 20002 in the form of food-stamps and Medicaid.

47. Mr. Duckworth has had to borrow money from family members in excess of 3,000 dollars as a result of the Standard Insurance Company's refusal to pay.

48. Mr. Duckworth has had to seek rental assistance from Catholic Charities as a result of the Standard Insurance Company's refusal to pay.

49. The Standard Insurance Company refused to pay in accordance with the terms that were described to employees when the insurance deductions were approved from Mr. Duckworth's payroll check every pay period and informed Mr. Duckworth to pursue the matter in a court of law if he is dissatisfied with their business practices.

50. Mr. Duckworth was unable to perform with reasonable continuity the Material Duties of his occupation as a teacher and case manager for students with disabilities required to work in accordance with the federal law known as the Individuals with Disabilities Education Act.

51. Mr. Duckworth suffered a loss of at least 20 percent of his pre-disability earnings.

52. Mr. Duckworth's salary was in the amount of $63,611 dollars annually.

53. 20 percent of Mr. Duckworth's salary is $12, 722.20 dollars.

54. Mr. Duckworth's gross earnings were in the amount of $47,004.53 not including additional taxes and penalties he had to pay as a result of the Standard Insurance Company's refusal to pay.

## ARGUMENTS

I.      The Standard Insurance Company has violated their own criteria for determining if a claimant meets the definition of a disability. They misrepresented significant aspects of Mr. Duckworth's employment as a teacher and case manager for students with disabilities bound by federal discrimination laws that require him to have normal health in order to provide his students with appropriate instruction as required under federal law. The frequent and untreated seizures did not allow Mr. Duckworth to perform with reasonable continuity the Material Duties of his occupation.

II.     The Standard Insurance Company has failed to acknowledge that Mr. Duckworth's pre-disability earnings for his occupation are reflective of a loss of greater than 20 percent.

III.    The Standard Insurance Company has created their own definitions associated with Mr. Duckworth's occupation as a teacher and case manager for students with disabilities. Despite the fact that Mr. Duckworth is required to uphold the federal laws that guide the instruction of persons with disabilities, the Standard Insurance Company has relied upon definitions of disability categories that do not reflect the federally mandated procedural guidelines that are associated with Mr. Duckworth's profession.

IV.     The Standard Insurance Company, being fully aware that Mr. Duckworth has no income, refused to pay with the expectation that Mr. Duckworth would have no way to afford an attorney to pursue this matter in a court of law.

7.

Wherefore, Plaintiff demands judgement against Defendant in the sum of **$41,203.05**
with interest and costs.

*202-710-4917*

Phone:

**DISTRICT OF COLUMBIA, SS**

_____, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

(Plaintiff                          HDIDCAP.
                                    Agent) 01/2017

Subscribed and sworn to before me this __28th__ day of _____ 20 15 .

(Notary Public/Deputy Clerk)

Respectfully Submitted,

Stephen Duckworth M. Ed. Special Education

8.

BY: _Stephen Duckworth_

Stephen Duckworth M. Ed. Special Education

4024 ELY PL SE

Washington, DC 20019

(202) 710-4917

~~Defendant~~ Plaintiff

stejduc593@hotmail.com

9.